## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

ELVIN ANTONIO AGUILAR JR.,

     Plaintiff,

-vs-                            CASE NO.

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
and WESTLAKE SERVICES, LLC
d/b/a WESTLAKE FINANCIAL,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ELVIN ANTONIO AGUILAR JR. (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), and WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL (hereinafter "Westlake") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC ("Equifax"), Trans Union LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax and Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

2

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper in this District as Plaintiff is a natural person and resident of Miami-Dade County, Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

8.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9.     Equifax is a corporation headquartered in the State of Georgia, authorized to do business in the State of Florida, through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

10.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

3

11.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12.     Experian is a corporation headquartered in the State of California, authorized to do business in the State of Florida, through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

13.     Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

14.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

15.     Westlake is a corporation headquartered in the State of California, authorized to do business in the State of Florida, through its registered agent, Corporate Creations Network Inc., located at 801 US Highway 1, North Palm Beach, Florida 33408.

16.     Westlake is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

17.     Westlake furnished Plaintiff's information to Equifax and Experian, which was inaccurate.

## FACTUAL ALLEGATIONS

18.     Plaintiff is alleged to owe a debt to Westlake, account number ending in x77, as to an auto loan (hereinafter "Westlake Account"). Plaintiff never applied or gave permission to anyone to apply using his information for this account.

19.     In or about April 2023, Plaintiff first became aware of the fraudulent Westlake Account through his online credit monitoring app.

20.     Shortly thereafter, Plaintiff learned the Westlake Account was secured by a blue 2015 BMW 4 Series. Plaintiff's only vehicle is a Ford, which is currently leased.

21.     In or about June 2023, Plaintiff learned that the vehicle which was driven by "Elvin Antonio Aguilar" was involved in an auto accident and was set to be sold at auction.

22.     On or about November 3, 2023, Plaintiff obtained copies of his credit reports. Upon review, Plaintiff observed the Westlake Account was being reported as open with a balance of $22,275.

23.     As a result of the inaccurate reporting, on or about November 17, 2023, Plaintiff mailed detailed written dispute letters to Equifax and Experian concerning

the inaccurate information being reported. Plaintiff explained the Westlake Account was not his and did not belong to him. Plaintiff included an image of his driver's license and Social Security card to confirm his identity. Plaintiff also included images of the erroneous credit reporting, a copy of the driver's license of the other "Elvin Antonio Aguilar", a copy of the filed police report with the Broward County Sheriff's Office, and other supporting documents.

24.    Plaintiff mailed his detailed written dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 0607 9702 91) and Experian (9589 0710 5270 0607 9702 77).

25.    On or about December 4, 2023, Experian responded to Plaintiff's detailed dispute letter by stating the Westlake Account is as accurate, yet Experian deleted the hard inquiries associated with the Westlake Account.

26.    Despite providing Experian with all the relevant information needed to prove he was a victim of identity theft and that the Westlake Account was fraudulent and unauthorized, Experian continued to report the inaccurate account.

27.    Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Westlake.

28.    Experian never attempted to contact Plaintiff during the alleged investigation.

29.     Upon information and belief, Experian notified Westlake of Plaintiff's dispute. However, Westlake failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

30.     Despite confirmation of delivery on November 20, 2023, Plaintiff never received dispute results in the mail from Equifax. However, upon review of an updated Equifax credit report on December 20, 2023, Plaintiff observed that the Westlake Account continued to be reported with a comment that the Westlake Account was disputed by the consumer.

31.     Despite providing Equifax with all the relevant information needed to prove he was a victim of identity theft and that the Westlake Account was fraudulent and unauthorized, Equifax continued to report the inaccurate account.

32.     Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Westlake.

33.     Equifax never attempted to contact Plaintiff during the alleged investigation.

34.     Upon information and belief, Equifax notified Westlake of Plaintiff's dispute. However, Westlake failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

35.     On December 14, 2023, Westlake mailed Plaintiff a letter informing him they were in receipt of his dispute. In the response letter, Westlake requested documentation such as a copy of a police report and a valid government issued identification card to investigate Plaintiff's claims. Plaintiff was bewildered as the documents Westlake was requesting for was provided in his latest dispute.

36.     As of the filing of this Complaint, Defendants continue to report negative and inaccurate information on Plaintiff's credit report regarding the Westlake Account, and Plaintiff's damages are on-going.

37.     Defendants have never attempted to contact Plaintiff about his disputes, and he continues to suffer as of the filing of the Complaint with Defendants' refusal to conduct a meaningful and thorough investigation into his disputes as it is required to by law or otherwise make his credit file accurate.

38.     As a result of the actions and/or inactions of Defendants, Plaintiff has suffered damage to his credit score.

39.     As a result of the actions and/or inactions of Defendants, Plaintiff's application for a loan from Above Lending was denied on or about November 21, 2023.

40.     As a result of the inaccurate credit reporting and actions and/or inactions of Defendants, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

    iv.    Reduction in his credit score;

    v.    Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score; and

    vi.    Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of the 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

9

41.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

42.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

43.     Equifax allowed for a Furnisher to report inaccurate information on an account.

44.     Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

45.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the Broward County Sheriff's Office police report, which contained sworn testimony of the fraud.

46.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

47.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

48.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ELVIN ANTONIO AGUILAR JR., respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT II
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

49.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

50.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

51.     Equifax allowed for a Furnisher to report inaccurate information on an account.

52.     Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

53.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the Broward County Sheriff's Office police report, which contained sworn testimony of the fraud.

54.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

55.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

56.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ELVIN ANTONIO AGUILAR JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT III**
**Violation of the 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

57.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

58.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

59.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent

investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Westlake.

60.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

61.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

62.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ELVIN ANTONIO AGUILAR JR., respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violation of the 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

63.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

64.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

65.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Westlake.

66.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

67.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

68.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ELVIN ANTONIO AGUILAR JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

69.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

70.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

71.     Experian allowed for a Furnisher to report inaccurate information on an account.

72.     Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

73.     Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the Broward County Sheriff's Office police report, which contained sworn testimony of the fraud.

74.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

75.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

76.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ELVIN ANTONIO AGUILAR JR., respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

<u>COUNT VI</u>
**Violation of the 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

77.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

78.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

79.     Experian allowed for a Furnisher to report inaccurate information on an account.

80.     Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

81.     Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the Broward County Sheriff's Office police report, which contained sworn testimony of the fraud.

82.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

83.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

84.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ELVIN ANTONIO AGUILAR JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT VII**</u>
**Violation of the 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

85.    Plaintiff re-alleges and incorporates one (1) through forty (40) above as if fully stated herein.

86.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

87.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Westlake.

88.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

89.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

90.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ELVIN ANTONIO AGUILAR JR., respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
**Violation of the 15 U.S.C. § 1681i as to
Defendant, Experian Information Solutions, Inc. (Willful)**

91.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

92.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

93.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Westlake.

94.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

95.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

96.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ELVIN ANTONIO AGUILAR JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and

severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violation of the 15 U.S.C. § 1681s-2(b) as to
### Defendant, Westlake Services, LLC d/b/a Westlake Financial (Negligent)

97.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

98.    Westlake furnished inaccurate account information to the CRAs, including but not limited to Equifax and Experian, and through those CRAs to all of Plaintiff's potential lenders.

99.    After receiving Plaintiff's disputes, Westlake violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Equifax and Experian; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

100.   Plaintiff provided all the relevant information and documents necessary for Westlake to have identified that the account was fraudulent.

101.   Westlake did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Westlake by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

102.   Westlake violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

103.   As a direct result of this conduct, action and/or inaction of Westlake, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

104.   The conduct, action, and/or inaction of Westlake was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

105.   Plaintiff is entitled to recover costs and attorney's fees from Westlake in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ELVIN ANTONIO AGUILAR JR., respectfully requests that this Court award actual damages against Defendant, WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violation of the 15 U.S.C. § 1681s-2(b) as to
### Defendant, Westlake Services, LLC d/b/a Westlake Financial (Willful)

106.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

107.   Westlake furnished inaccurate account information to the CRAs, including but not limited to Equifax and Experian, and through those CRAs to all of Plaintiff's potential lenders.

108.   After receiving Plaintiff's disputes, Westlake violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Equifax and Experian; and (4) failing to permanently and

lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

109.   Plaintiff provided all the relevant information and documents necessary for Westlake to have identified that the account was fraudulent.

110.   Westlake did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Westlake by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

111.   Westlake violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

112.   As a direct result of this conduct, action and/or inaction of Westlake, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

113.   The conduct, action, and/or inaction of Westlake was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

114.   Plaintiff is entitled to recover costs and attorney's fees from Westlake in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ELVIN ANTONIO AGUILAR JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ELVIN ANTONIO AGUILAR JR., respectfully requests that this Court award judgment for actual, statutory, compensatory, and

punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL, jointly, and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 28th day of December 2023.

Respectfully Submitted,

**/s/ *Christopher Legg***
Christopher W. Legg, Esq.
Florida Bar #: 0044460
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Office: 813-299-8537
Facsimile: 844-951-3933
Chris@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*